UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRA JEROME ROSS,

    Plaintiff,

        v.

U.S DEPARTMENT OF JUSTICE, *et al.*,

    Defendants.

Civil Action No.  21-3101 (JEB)

## MEMORANDUM OPINION

Plaintiff Ira Jerome Ross, a Louisiana state prisoner, believes that the Federal Bureau of Investigation should have followed up on his criminal complaint about Warner Brothers Corporation, which he believes owes him $300 million.  Its failure to do so, he alleges in his *pro se* suit, has violated his equal-protection rights, leading him to seek the modest sum of $50 million in damages from the FBI and the Department of Justice.  Given the tenor of these claims, it comes as no surprise that Defendants have moved to dismiss the case — or that the Court will grant their Motion.

**I.**     **Background**

There is little in the Complaint to chew on, even if the Court, as it must, presumes that the facts as alleged are true.  In sum, Ross alleges that "the defendants violated the plaintiff's Equal Protection rights and caused both [a]ctual and irreparable injuries when they failed to perform their statutory duty to investigate, arrest, and prosecute employees of the Warner Brothers Corporation after the plaintiff filed a criminal complaint."  ECF No. 1 (Compl.) at ECF p. 4.  The Complaint scatters a few more allegations about Ross's being referred by a judge to the U.S. Attorney's Office to report the matter, the FBI's failure to respond to him, his multiple

criminal complaints filed in federal court, and his desire that the "Board of Directors and all executives employed by the Warner Brothers Corporation" be arrested. Id. at ECF pp. 10–14. Defendants now move to dismiss.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a suit when the complaint "fail[s] to state a claim upon which relief can be granted." In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court need not accept as true, however, "a legal conclusion couched as a factual allegation," or an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Though a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555–56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Where the action is brought by a *pro se* plaintiff, the Court must construe his filings liberally and hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520–21 (1972); see also Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014).

### III. Analysis

The facial infirmities of Ross's suit are multiple. First, he never sets forth why the Government's prosecutorial decision constitutes an equal-protection violation or how or on what basis he was discriminated against, yet this is his sole cause of action. See 3883 Conn. LLC v. Dist. of Columbia, 336 F.3d 1068, 1075 (D.C. Cir. 2003) (class-of-one equal-protection claim must show disparate treatment of similarly situated persons without rational basis). Second, the Fourteenth Amendment, which he cites, applies to actions taken under the color of state law, but his only beef here is with federal law-enforcement agencies. E.g., United States v. Edwards, 98 F.3d 1364, 1368 (D.C. Cir. 1996) ("fourteenth amendment does not apply to the federal government"). Third, he cannot state a claim based on the Government's decision whether to investigate or prosecute another person or entity. See Heckler v. Chaney, 470 U.S. 821, 837–38 (1985) (non-enforcement decisions immune from judicial review); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or non[-]prosecution of another.").

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. A contemporaneous Order to that effect will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: April 28, 2022